

**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TERRY W. RICHEY, II | ) | Case No.: 18-14484-JDW |
| | ) | |
| Debtor. | ) | Chapter 7 |

## MEMORANDUM OPINION AND ORDER

This case came before the Court for an evidentiary hearing on September 10, 2019 on the *Objection to Claim of Lee Word Filed by Terry W. Richey, II* (Dkt. # 53) ("the Objection"). The deadline to file claims in this bankruptcy case was May 8, 2019 (Dkt. # 22). Mr. Word filed his claim on July 1, 2019. Mr. Word argues his claim should be deemed timely because he did not receive adequate notice of the debtor's bankruptcy case when notices were sent to his former mailing address. This argument fails because Mr. Word had actual notice of the debtor's bankruptcy case well before the deadline to file claims. The Court finds and concludes that Mr. Word's actual notice of the bankruptcy case is determinative, and the Objection is due to be sustained.

1

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A), (B), and (O).

## II. FACTS & PROCEDURAL HISTORY[1]

In 2014, Mr. Word hired the debtor to repair fire damage to his home. In 2016, Mr. Word sued the debtor in the County Court of Lee County, Mississippi, alleging fraud and negligence arising from the 2014 contract.[2] Mr. Word was represented by M. Lee Dulaney ("Mr. Dulaney") in state court, and all documents filed in the state court litigation were noticed to Mr. Dulaney. The most recent document in the state court docket was an Order for Continuance filed November 13, 2018.[3]

The debtor filed his bankruptcy case on November 12, 2018 (Dkt. # 1). The initial creditor's meeting was scheduled for January 3, 2019 (Dkt. # 8). Mr. Dulaney received notice of the initial creditor's meeting at the same address he received all notices in the state court litigation (Dkt. # 10). In fact,

---

[1] To the extent any of the findings of fact are considered conclusions of law, they are adopted as such, and vice versa.
[2] *Lee Word v. Terry W. Richey, II and C&R Holdings, LLC* (CV-2016-000284).
[3] *Id.*

he received all notices in this bankruptcy case at that same address, including the notice to file a claim in the bankruptcy case (Dkt. # 22).

Mr. Word testified that he also received notice of the meeting and actually attended the initial meeting on January 3 (Dkt. # 22). The Trustee's report confirms that Mr. Word attended the initial meeting (Dkt. # 15). On February 5, the Trustee filed a Notice of Change of Status to Asset (Dkt. # 19) and the Clerk of Court entered a Notice of Need to File Proof of Claim (Dkt. # 20). The notice made clear that the deadline for filing claims was May 5, 2019 (Dkt. # 22). Mr. Word filed his Proof of Claim for $63,466.34 on July 1, 2019 (Claim # 5-1), approximately three (3) months after the deadline. Mr. Word also filed a handwritten Notice of Change of Address on that same day, stating that he had received notice of the initial meeting and ". . . recieved [sic] one letter from Mr. Henry Applewhite delivered to wrong address, which enable [sic] me to miss deadline possibly to file proper claim" (Dkt. # 49).

### III. CONCLUSIONS OF LAW

A proof of claim is "a written statement setting forth a creditor's claim,"[4] and a creditor *must* file a proof of claim or interest for the claim to be allowed.[5]

This Court, in *In re Aldridge,* held that when a creditor (or his counsel) has actual notice of a bankruptcy proceeding and fails to act, time bars are

---

[4] Fed. R. Bankr. P. 3001(a).
[5] Fed. R. Bankr. P. 3002(a) (emphasis added).

3

strictly enforced.[6] *Aldridge* concerned a similar issue - Rule 4007(c)'s time bar for complaints to determine dischargeability.[7] There, the plaintiff filed an adversary proceeding approximately three (3) months after the deadline.[8] The debtor argued that the complaint was untimely while the plaintiff asserted insufficient notice of the bankruptcy case as the reason that the complaint was late.[9] Plaintiff's counsel had received verbal and written notice of the bankruptcy proceeding prior to the deadline, and the plaintiff admitted that his counsel notified him of the same.[10]

This Court held that actual knowledge of a bankruptcy proceeding "necessary to permit [a creditor] to take steps to protect his rights" is sufficient notice.[11] "When a creditor is aware of the pendency of a bankruptcy proceeding, the imposition of a duty on the part of a creditor to make an inquiry to [protect his rights] is not so burdensome as to outweigh the need for expeditious administration of bankruptcy cases."[12]

Normally, "all that is required in a Chapter 7 proceeding is knowledge of when the petition for bankruptcy was filed."[13] When a creditor is aware of a

---

[6] *In re Aldridge* (A.P. Case No. 15-01065-JDW) (2016) (A.P. Dkt. # 36).
[7] *Id.* at 2.
[8] *Id.* at 4.
[9] *Id.*
[10] *Id.* at 5.
[11] *Aldridge* at 7 (citing *Grossie v. Sam (In re Sam)*, 894 F.2d 778, 781-782 (5th Cir. 1990)).
[12] *Grossie* at 781.
[13] *Fogel v. Zell*, 221 F.3d 955, 964 (7th Cir. 2000).

"critical stage of the [bankruptcy] proceeding from which the bar date can be computed," that creditor has actual knowledge of the bankruptcy proceeding,[14] and a "cautious creditor" will act to protect his interest.[15] The record here reflects that Mr. Word attended the initial creditor's meeting on January 3 (Dkt. # 15). The bar date was May 5. Mr. Word testified that he "came to the meeting of creditors," and he "got somebody to give [him his] mail. . . where [his] old home was at." Mr. Word, under cross-examination, further testified, "To be honest. . . I will say that I got [notice via mail]."

Mr. Word's state litigation counsel, Mr. Dulaney, also received notice. Because the state court claim was the same as the bankruptcy claim, notice to Mr. Dulaney was notice to Mr. Word. Mr. Word admitted that he and Mr. Dulaney discussed the bankruptcy and its ramifications on or about the time the debtor filed bankruptcy (Dkt. # 1). As Mr. Word also received personal notice, this issue need not be addressed in detail.[16] Likewise, the Court does not reach the issue of whether the address the Debtor used for service (the fire-damaged home) was good service. Because Mr. Word had actual knowledge of

---

[14] *Id.* (citing *In re Maya Construction Co.*, 78 F.3d 1395, 1399 (9th Cir.1996) (". . . once the creditors [in a chapter 7 and 13 case had] received notice of the creditors meeting, they had effective notice that proofs of claim were due within 90 days. . .").
[15] *Id.*
[16] *See generally In re Herman*, 737 F.3d 449, 454 (7th Cir. 2013) (citing *In re Schicke*, 290 B.R. 792, 803 (10th Cir.BAP 2003)) ("When an attorney is representing a creditor in order to collect a debt outside of the bankruptcy, notice of the bankruptcy petition sent to that attorney by the debtor can be imputed to the creditor").

the debtor's bankruptcy proceeding, both individually and through his counsel, he was required to file his claim by the bar date. The Proof of Claim is untimely.

## IV. CONCLUSION

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that the Debtor's Objection (Dkt. # 53) is **SUSTAINED** and the Proof of Claim (Claim #5-1) is **DISALLOWED.**